# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| ANEL HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-760-MN |
| | ) | |
| BRIAN EMIG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Anel Hubbard, an inmate at the James T. Vaughn Correctional Center ("JTVCC"), filed this action on June 27, 2024, alleging violations of 28 U.S.C. §§ 2283 & 2284 and seeking injunctive relief pursuant to Federal Rule of Civil Procedure 65. (D.I. 1) The statutes on which Plaintiff relies are inapplicable to his claims and cannot serve as a basis for relief so the court will view his pleading as alleging violations of his civil rights under 42 U.S.C. § 1983.[1] Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) On April 4, 2025, the matter was referred to the undersigned Magistrate Judge for screening purposes only. (D.I. 11) This court proceeds to review and screen the matter pursuant to 28

---

[1] The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits injunctions staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.' " *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002). 28 U.S.C. § 2284 states "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body. Accordingly, neither of these statutes provide a basis for the claims asserted by the Plaintiff.

U.S.C. § 1915(e)(2). For the following reasons, the court recommends the Complaint be **DISMISSED** with prejudice.

## I.     BACKGROUND

Plaintiff sues the Warden of JTVCC, Brian Emig, Deputy Warden Jonathan E. Beck, Staff Lieutenant Jason Coviello and Officer Kevin A. Trader, for violations of his right to Due Process and Equal Protection when they wrongfully charged him with violations of prison policies against substance abuse and found him guilty of such policy violations. (D.I. 1 at ¶¶ 3–6)

Plaintiff alleges that on March 10, 2024, he was in the hallway waiting to shower when four unidentified individuals went into the shower ahead of him and proceeded to smoke a presumably illicit substance. (*Id.* at ¶ 8) Plaintiff states that after the four left, he entered the shower. (*Id.*) While on patrol, Officer Trader smelled smoke, knocked on the shower, and asked who was inside. (*Id.* at ¶ 9) Plaintiff identified himself to the Officer. (*Id.*) Plaintiff states that Officer Trader ordered a strip search of the Plaintiff, but no contraband was found. (*Id.* at ¶ 10) Plaintiff alleges that when he returned to his cell, he discovered that his cell had been searched along with his art supplies. (D.I. 1 at ¶ 11) Officer Trader's report indicates he found a piece of lead with tissue paper around it, a toilet paper roll with a hole on the side which appears to have burn marks, and one piece of metal from an eraser cap that has an ash-like substance inside. (D.I. 1-1 at 2) Plaintiff alleges that Officer Trader concluded that when these items were used together they functioned as a makeshift smoking device. (D.I. 1 at ¶ 12) Plaintiff denies the items constitute drug paraphernalia. (*Id.*)

On March 10, 2024, Officer Trader completed a disciplinary report citing Plaintiff for three violations of prison policy: 1.26 Substance Abuse, 2.03/200.106 Creating a Health, Safety or Fire Hazard, and 2.06 Failing to Obey an Order. (D.I 1-1 at 2) On March 18, 2024, a disciplinary hearing was held finding Plaintiff guilty of three violations, 1.26 Substance Abuse, 2.03/200.106 Creating a Health, Safety or Fire Hazard, and 2.13/200/111 Possession of Non-Dangerous Contraband 2.06 (added at the hearing). (*Id.* at 6) Plaintiff claims that during his disciplinary hearing video evidence from around the showers was not reviewed and Plaintiff's testimony that the items were art supplies was ignored. (D.I. 1 at ¶¶ 13–14) Plaintiff appealed his disciplinary hearing decision to Deputy Warden Johnathan E. Beck. (D.I. 1 at ¶ 15) Plaintiff filed a grievance on March 21, 2024, stating that he would like to be moved back to the building in which he was previously housed. (D.I. 1-1 at 8) The grievance was returned unprocessed because a procedure exists to appeal findings from a disciplinary hearing and the grievance office has no control over movement/transfer of inmates. (*Id.* at 10–11)

On March 28, 2024, Plaintiff's appeal of the hearing decision was denied by Deputy Warden Johnathan E. Beck. (*Id.* at 7) The decision stated that he concurred with the disciplinary hearing officer, and that the evidence, in its totality presented a picture of illicit use. (*Id.*) The appellate decision did note Plaintiff's claims that the items can be used for art projects, but rejected that theory given the totality of the circumstances. (*Id.*) Plaintiff alleges that Beck did not review any of his evidence, that no illicit substance was found, and that no drug test was administered to him. (D.I. 1 at ¶ 16) Plaintiff states that he exhausted his administrative remedies. (*Id.* at ¶ 17) Following the denial of his appeal, Plaintiff was sanctioned for his violations, which resulted in a 10-day loss of "all privileges." (D.I. 1-1 at 6) Plaintiff refiled his grievance claim on April 12, 2024, the grievance report was returned unprocessed because

3

appeals of decisions following a disciplinary hearing fall outside of the grievance process and are governed by their own appeal procedures and requests for transfers to other housing are likewise outside of the grievance procedure. (*Id.* at 14) Plaintiff filed a third grievance on May 8, 2024, which was denied for essentially the same reasons. (*Id.* at 17)

Plaintiff seeks various forms of injunctive relief. (D.I. 1 at ¶ 28) Plaintiff requests vacating the disciplinary hearing decision, a transfer back to minimum housing, ordering the Delaware Department of Corrections to change its policy to require a higher standard of proof when charging inmates with substance abuse, limiting officers from confiscating items belonging to inmates on the suspicion of substance abuse, making the Delaware Department of Corrections include a third-party or record the disciplinary hearings, ordering the Delaware Department of Correction to provide inmates with its policies and ordering the named Defendants to comply with all of the foregoing requests for relief. (*Id.* at ¶¶ 28–29)

## II.  LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.' " *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003)).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the court must grant a plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556

5

U.S. 662, 678 (2009)). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Plaintiff's claim for injunctive relief lacks merit. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). A movant cannot be granted a preliminary injunction unless he establishes both of the first two factors. *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175 (3d Cir. 1990) ("In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits

and a probability of irreparable harm." (citations omitted). Here, the Plaintiff cannot establish a likelihood of success on the merits of his claim.

Plaintiff has already been afforded procedural due process to contest his charges in a disciplinary hearing and has unsuccessfully appealed the decision finding him guilty of three violations. There is no legal basis for this court to find that the Plaintiff could succeed on any further challenge to the prison disciplinary decision.

To the extent Plaintiff alleges that his civil rights were violated as a result of the write-up and disciplinary hearing process, such claims fail. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *See Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002)). There are no allegations that Plaintiff was denied a hearing. To the contrary, Plaintiff admits that the matter was the subject of a disciplinary hearing and an unsuccessful appeal. (D.I. 1-1)

Similarly, any purported violation of procedural due process fails. It is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Lacombe v. McKenna*, 2016 WL 6650832, at *3 (D. Del. Nov. 9, 2016) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). Rather, due process prohibits the deprivation of a prisoner's liberty interest at a disciplinary hearing unless the prisoner is given: (1) an impartial decision-making body; (2) twenty-four hour notice of the charges; (3) an opportunity to call witnesses and present documentary evidence; (4) assistance from a representative; and (5) a written decision explaining the evidence relied upon. *Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992). As explained above,

Plaintiff does not provide any allegations that he was deprived of a hearing, only that he disagrees with the outcome and methodology of the hearing.

Plaintiff complains about having been found guilty of the violations. He takes issue with the standards of proof applicable to the hearing process and the rejection of his explanation that his confiscated items were used for art and not illicit purposes. Plaintiff's dissatisfaction with the outcome of the disciplinary process does not amount to a constitutional violation. Based upon the law, Plaintiff's procedural due process rights were not violated and, therefore, his claim is not cognizable as a § 1983 claim under the holding of *Wolff*.

Accordingly, I recommend that the court dismiss the Complaint with prejudice as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## IV. CONCLUSION

For the foregoing reasons, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1. The Report and Recommendation issued on May 2, 2025, is **ADOPTED**.

2. Plaintiff's Complaint is **DISMISSED** with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment is futile.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). The failure of Plaintiff to object to legal conclusions may result in the loss of the right to

*de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The Plaintiff is directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: May 2, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE